# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CRIMINAL ACTION NO. 3:10CV-643-S

**JA-RON S. TEAGUE**                                                             **PLAINTIFF**

v.

**KENTUCKY FAMILY COURT JUDGE GARBER**                  **DEFENDANT**

## MEMORANDUM OPINION

Teague commenced this action while incarcerated.[1] He has filed several motions and other documents in this case, which are handwritten and somewhat difficult to follow. The filings cite a number of cases and statutes. The citations, however, do not bring clarity to this matter. The best the Court can tell, Teague is attempting to "remove" this action from Jefferson Family Court to this Court. Teague appears to argue that even though the state court action is designated as a civil action, it is in reality a criminal proceeding. As such, it seems Teague is attempting to invoke this Court's jurisdiction under 28 U.S.C. § 1443(1), which allows removal of criminal proceedings from state courts in very limited circumstances.

Teague's designation of the family court action as "criminal" does not make it so. The family court action appears to relate to the payment of child support. It was not designated as a criminal action by the state courts. Thus, Teague cannot remove it to this Court under 28 U.S.C.

---

[1] He has since been released.

§ 1443(1).[2] Additionally, federal courts rarely have jurisdiction over cases involving domestic relation matters. As the Sixth Circuit has observed,

> Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998). Rather, state courts have exclusive jurisdiction over these matters. *See Ankenbrandt* at 703-04; *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, *see Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988), federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *Id.* Additionally, federal courts lack jurisdiction to review a case litigated and decided in state court because only the United States Supreme Court has jurisdiction to correct state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

*Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003).

Teague can put any label he likes on the action, but it will not change its essence. The underlying action is a domestic relations dispute involving the payment of child support obligations (or the lack thereof). It originated in Jefferson Circuit Family Court, where it belongs and must stay.

---

[2]For removal to be proper under this section, the removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner [by the state court] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision, 'rather than a denial first made manifest in the trial of the case.'" *Id.* (quoting *Rachel*, 384 U.S. at 799, 803). Even if the subject action was criminal in nature, Teague's "removal petition" does not allege the required elements.

Accordingly, for the reasons set forth above, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction. A formal order of remand is unnecessary as it does not appear that Teague took the proper steps to remove this action in the first place.

Date:

cc: Plaintiff Teague

4411.008